# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS KELLER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-cv-4320 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, and | ) | |
| JOHN DOE CHICAGO | ) | |
| POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | Jury Demand |

## COMPLAINT

1. In the summer of 2020, Plaintiff Nicholas Keller, as well as thousands of organizers, activists, and community leaders in Chicago, mobilized in a repudiation of anti-Black racism, white supremacy, police violence, and mass criminalization and incarceration. Millions have joined demonstrations around the globe—often lifting up the names of George Floyd, Breonna Taylor, Tony McDade, and scores of other Black people killed by police.

2. The Chicago Police Department ("CPD") and other City agencies have responded to these demonstrations with brutal, violent, and unconstitutional tactics that are clearly intended to injure, silence, and intimidate Plaintiff Keller and other protesters.

3. As explained in more detail below, Plaintiff Keller was assaulted by CPD Officers while he posed no threat to anyone, interfering with Plaintiff's constitutional rights.

4. CPD's unconstitutional actions have caused Plaintiff significant harm, including the violation of his constitutional rights as well as physical, emotional, and mental injuries.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

1

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

7. Plaintiff Nicholas Keller is a 24-year-old white resident of Chicago, Illinois who uses he/him pronouns.

8. Defendant City of Chicago is and at all times mentioned herein was a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is ultimately responsible. Defendant City was, at all times material to this Complaint, the employer and principal of the Defendant Officers.

9. Defendant John Doe Chicago Police Officers are City of Chicago employees with the CPD. At all times relevant to the events at issue in this case, these defendants were acting under color of law and within the scope of their employment with the CPD. They are sued in their individual capacity for violating Plaintiff's rights under the U.S. Constitution and Illinois state law.

## FACTUAL ALLEGATIONS

10. On May 25, 2020, Minneapolis police officers murdered George Floyd when they suffocated him to death while he was handcuffed in a prone position on the ground in broad daylight on the street. Floyd's murder and the police murder of Breonna Taylor in her home in Louisville, Kentucky, in addition to recent police murders of too many other Black people throughout the United States, sparked the largest movement for justice in the history of the

United States and has included protests around the world against anti-Black police violence, white supremacy, systemic racism, and inequality.

11. On June 1, 2020, at approximately 5:00 p.m., Plaintiff Nicholas Keller joined a protest at North Broadway and West Wilson Avenue in front of a Target store. Plaintiff Keller watched speeches and then started walking with other protesters down Lake Shore Drive.

12. At approximately 8:15 p.m., Plaintiff began to walk back toward North Broadway and West Wilson Avenue, arriving at approximately 8:45 p.m., where he gathered with other protesters. At this point, the number of protestors had dwindled.

13. At approximately 9:00 p.m., numerous Chicago police officers began aggressively advancing toward the protesters including Plaintiff without giving any warning or dispersal order.

14. Plaintiff witnessed numerous Chicago police officers push protesters to the ground and hit them with batons.

15. Plaintiff ran over to assist a protester who was lying on the ground being beaten by several Chicago police officers with batons.

16. Two unidentified Chicago police officers then struck Plaintiff with their batons on his body and knocked him to the ground.

17. After he was knocked to the ground, Plaintiff curled his body into the fetal position to protect himself from further blows.

18. While he was lying on the ground in the fetal position, not posing a threat to anyone, the unidentified Chicago police officers struck Plaintiff between 5 and 10 more times on the right side of his body with their batons, smashing his cell phone which was in his pocket and causing serious pain and injury to his leg.

19. While these unidentified Chicago Police Officers were striking Plaintiff on the ground, other unidentified Chicago police officers had the ability and opportunity to intervene to stop the other officers from beating Plaintiff and failed to do so.

20. As a direct and proximate result of the Defendant Officers' actions as detailed above, Plaintiff suffered and continues to suffer, *inter alia*, bodily injuries to his leg, head, and the right side of his body, for which he received emergency medical treatment, as well as pain and suffering, extreme mental distress, anguish, and fear.

### COUNT I – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – Excessive Force

21. Each paragraph of this Complaint is incorporated as if restated fully herein.

22. The actions of the Defendant Officers described above constituted unreasonable and excessive force, without legal cause, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

23. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

24. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

### COUNT II – 42 U.S.C. § 1983
### Violation of the First Amendment – Freedom of Speech and Assembly, Intimidation and Retaliatory Use of Force

25. Each paragraph of this Complaint is incorporated as if restated fully herein.

26. As described in detail above, Plaintiff participated in lawful, constitutionally protected activity on the public streets of the City of Chicago.

27. The actions of the Defendant Officers described above violated Plaintiff's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that Plaintiff was abruptly prevented from further exercising his rights and suffered retaliation for having exercised his rights.

28. The Defendant Officers retaliated against Plaintiff for engaging in protected speech by subjecting him to excessive force without legal justification. Plaintiff's protected speech was the substantial and motivating factor for the Defendant Officers' use of force against him. The Defendant Officers' actions were intended to make Plaintiff and other people engaging in constitutionally-protected speech at the protests wary of continuing to engage in such protected activities in the future and specifically to chill their rights guaranteed under the First Amendment.

29. At all relevant times, the Defendant Officers were aware that Plaintiff was engaged in constitutionally-protected speech when they violated his rights. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

30. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

## COUNT III – 42 U.S.C. § 1983
### Failure to Intervene

31. Each paragraph of this Complaint is incorporated as if restated fully herein.

32. During the events described above, the Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments, even though they had the opportunity and duty to do so.

33. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

34. As a direct and proximate result of the Defendant Officers' failure to intervene, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, , as set forth more fully above.

## COUNT IV
## Indemnification

35. Each paragraph of this Complaint is incorporated as if restated fully herein. Count V is alleged against Defendant City of Chicago.

36. In Illinois, pursuant to 735 ILCS 10/9-102, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

37. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor against the Defendants in the following manner:

1. Award Plaintiff compensatory and punitive damages.

2. Award Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

3. Award Plaintiff such other and further relief as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: August 13, 2021

Respectfully submitted,

/s/ Ben H. Elson
Ben H. Elson

Joey L. Mogul, Janine Hoft, Ben H. Elson
Jan Susler, Brad J. Thomson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
joeymogul@peopleslawoffice.com
janinehoft@peopleslawoffice.com
ben@peopleslawoffice.com
brad@peopleslawoffice.com
jsusler@peopleslawoffice.com

/s/ Vanessa del Valle
Vanessa del Valle

Vanessa del Valle
Roderick and Solange MacArthur
Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-5932
vanessa.delvalle@law.northwestern.edu

/s/ Sheila A. Bedi
Sheila A. Bedi

Sheila A. Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576
sheila.bedi@law.northwestern.edu